IN THE UNITED STATES OF AMERICA
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.  08 CR 246 |
| | ) | Honorable Judge Andersen |
| BRIAN BUTUSOV, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR DISCLOSURE OF FAVORABLE AND IMPEACHING EVIDENCE**

Now comes the Defendant, Brian Butusov, by and through his attorney, Rachel L. Zebio, and respectfully moves this Honorable Court, pursuant to the Fifth Amendment of the United States Constitution, Rule 16(a)(1)(c) of the Federal Rules of Criminal Procedure (documents material to the defendant's defense) and the principles of *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *United States v. Bagley,* 105 S.Ct. 3375 (1985), and *Kyles v. Whtiley*, 115 S.Ct. 1555 (1995), for entry of an order directing the government to disclose all favorable evidence to the defendant within its possession, custody or control, or the existence of which is known to any agency of the government or by the exercise of due diligence could become known, including but not limited to the below-listed information.

**MEMORANDUM IN SUPPORT OF THE MOTION**

Prior to proceeding to the Defendant's specific requests, it might be useful to reflect on the legal principals which support this motion. This Court and the government are undoubtedly familiar with the proposition that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment. *Brady*

*v. Maryland,* 373 U.S. 83, 87 (1963). In addition, it must be recognized that *Brady* material encompasses impeaching as well as exculpatory information. *United States v. Bagley,* 105 S.Ct. 3375, 3380 (1985) (impeachment evidence, as well as exculpatory evidence, falls within the Brady rule.)

The seminal principals established in *Brady* and its progeny are firmly entrenched in American jurisprudence and must be honored if these proceedings are to comport with due process. *Brady* is supported by sound policy considerations which instill integrity in a criminal prosecution and attempt to ensure fairness. Justice Marshall acknowledged these considerations when he remarked, "the message of *Brady* and its progeny is that a trial is not a mere sporting event; it is a quest for the truth which the prosecutor, by virtue of his office, must seek truth even as he seeks victory." *Monroe v. Blackburn,* 106 S.Ct. 2261, 2263 (1986) (dissenting from denial of *certiorari.*) In light of these factors, the requests made herein should be liberally construed and any doubts about whether certain information should be disclosed should be resolved in favor of disclosure.

Of course, the government's conception of evidence favorable to the Defendant may be somewhat narrow, or innocently erroneous. Accordingly, the Supreme Court, in *Agurs,* emphasized the importance of making *Brady* requests specific. *See Bagley,* 105 S.Ct. at 3384. (Blackmun and O'Conor, J., J.) ([T]he more specifically the defense requests certain evidence, thus putting the prosecutor on notice of its value, the more reasonable it is to assume from the non-disclosure that the evidence does not exist, and to make pretrial and trial decisions on the basis of this assumption. *See also Id.* at 3400 (Stevens, J., dissenting) and *Id.* at 3392-93 (Marshall, Brennan, J., J., dissenting.) Although a prosecutor has no duty to provide defense counsel with unlimited discovery, if the subject matter of a request is material, or if there is a substantial basis for claiming materiality, it is reasonable to require the prosecutor to respond. Thus, to streamline the criminal litigation process

and to remove the possibility of taint from these proceedings stemming from the prosecution's obdurate approach to *Brady* request, this motion should be granted in full, as a failure to accede to this motion can have drastic consequences further down the road since after a prosecutor receives a specific and relevant request, the failure to make any response is seldom, if ever, excusable. *Agurs,* 427 U.S. at 106.

Moreover, there simply are no sound reasons to ignore the Defendant's requests. The Seventh Circuit has repeatedly stated that the government must respond to any *Brady* request which specifically describes the evidence sought. *See e.g. Palmer v. City of Chicago,* 755 F.2d 500, 574 (7th Cir. 1985), *United States v. Robinson,* 585 F.2d 274, 281 (7th Cir. 1978) (en banc); *United States v. Mackey,* 571 F.2d 376, 389 (7th Cir. 1978). Additionally, the Seventh Circuit's decision in *United States v. Allen,* 798 F.2d 985 (7th Cir. 1986), offers reasoning which strongly supports this motion. In *Allen,* the Court held that, once a Defendant makes a request for a Jencks Act statement, the government must respond. ([T]he prosecution's obligation should include informing the district court, with reasonable certainty, how many documents that the witness testified to exist in its files). *Id* at 998. Although the Court's holding in *Allen* was based upon the Jencks Act, its reasoning is fully applicable to requests for exculpatory and impeaching material.

The United States Supreme Court has also obviously touched upon this issue numerous times. In *Giglio v. United States*, the United States Supreme Court ruled that favorable evidence that must be disclosed to a defendant is any evidence that the defense might use to impeach government witnesses. 405 U.S. at 154. *Brady v. Maryland*, 373 U.S. 83 (1963), established that such evidence must be produced under penalty of reversal. In *Kyles v. Whtiley*, the Supreme Court stated that where the prosecution produces perjured testimony at trial or where the prosecution suppresses material evidence favorable to the defense, regardless of the nature of the request for such evidence,

a new trial or great sanction is to be ordered. 115 S.Ct. at 1563.

In *Kyles,* the defendant was granted a new trial despite the lack of any allegation that witnesses had committed perjury at trial. The government informer who provided the police with critical information against the defendant did not even testify. The due process inquiry did not focus on the existence or non-existence of perjured testimony or the good or bad faith of the government. Rather, the Court focused on whether the government suppressed material evidence favorable to the defendant that, had it been disclosed, a reasonable probability existed that the results of the trial would have been different. Materiality, the Court emphasized, is determined by a showing that the favorable evidence could reasonably be taken to put the entire case in a different light, thereby undermining confidence in the verdict. Id. The Court defined materiality in terms of the cumulative effect of the suppressed evidence, not item-by-item. 115 S.Ct. at 1567.

The question of what is to be turned over is clearly stated in *Kyles*:

> ...the prosecution, which alone can know what is undisclosed must be assigned the consequent responsibility to gauge the likely net effect of all such evidence and make disclosure when the point of reasonable probability is reached. This is turn means that the individual prosecutor has a duty to learn of any favorable evidence known to the other acting on the governments behalf in the case, including the police. But whether the prosecutor succeeds or fails in meeting this obligation (whether, that is, a failure to disclose in good faith or bad faith [citation omitted]), the prosecutions responsibility for failing to disclose known, favorable evidence rising to a material level of importance is inescapable.

> *Id*. at 1567-68.

The Court warned that:

> The prudent prosecutor will resolve doubtful questions in favor of disclosure. This is as it should be. Such disclosure will serve to justify trust in the prosecutor as the representative...of a sovereignty...whose interest...in a criminal prosecution is not that it shall win a case, but that justice shall be done [Citation omitted.] and

4

it will tend to preserve the criminal trial, as distinct from the prosecutors private deliberations, as the chosen forum for ascertaining the truth about criminal accusations. [Citations omitted.]

*Id.* at 1568-69.

The requests contained below are as specific as they can possibly be at this pretrial juncture. We do not presently know the identity of the government's trial witnesses. Nonetheless, from experience and our investigation we know with certainty the kind of exculpatory and impeaching evidence we seek. As our investigation continues, and as we learn the identity of the prosecution's witnesses, we will seek leave to supplement this motion with the names of additional witnesses. Moreover, at trial, counsel intends to review this *Brady* motion as to each witness. Therefore, the instant motion not only serves to direct the prosecutor's attention toward specific information before trial, but it also serves as a basis for trial requests for *Brady* material.

## REQUESTS

Accepting the premise the that Defendant does not necessarily know what is contained in the prosecution files but has a constitutional (*Brady*) and statutory (Jencks) right to any information that could possibly be used to impeach a prosecution witness, then it is appropriate to conclude that the Defendant need not be excessively particular in requesting such information. Of course, we cannot be overly specific about items we have not seen. However, we make it clear that this motion applies to, but is not limited to, the following potential witnesses: any cooperating co-defendant, any FBI, DEA or Department of Justice agent, or agent of other federal agency, any person whose hearsay statements will be used by the government at trial (Rule 806 of the Federal Rules of Evidence permits impeachment of any non-testifying hearsay declarant), and any other federal or state government agent involved in this case and investigation.

Additionally, for purposes of this motion, defendant includes in the term witness any person

5

who may be called to testify by the government, including those identified in the investigative report as Sources, as well as any co-conspirator whose hearsay declarations the government will seek to introduce at trial, and who defendant believes has proffered certain information to the government. Under Rule 806 of the Federal Rules of Evidence, the credibility of a non-testifying declarant may be attacked by any evidence which would be admissible for those purposes if the declarant has testified as a witness.  Therefore, material going to the credibility of even a non-testifying hearsay declarant is relevant to the trial of this case.  Further, existence and identification of any witness testifying before any court, grand jury, or tribunal, or any narrative of such statements containing exculpatory material concerning the above-entitled matter is sought.

The following requests for information memorialized in written form, but includes information in any form, whether written, oral, or recorded.  Where the identity of persons is requested, name and last known address should be given, if known.  Furthermore, the identify of persons is requested regardless of whether the government is in possession of a statement from said individual.

By this motion, the defendant asks that the government disclose the following:

1. Criminal Record

Any and all records and information revealing prior convictions, guilty verdicts or juvenile adjudications attributed to each witness, including but not limited to relevant rap sheets.

2.  Other Misconduct or Bad Acts

(a). Any and all records and information, whether written, oral, or contained in documents, regarding any misconduct of bad acts.

(b).  Any and all agency investigative files of the FBI or any other federal or state agency, including but not limited to interview, documents, tape recordings, and case reports, or any

6

investigations for bribery, extortion, RICO, fraud, corruption, or any other offense, for any person who will be a witness for the government.

3.  <u>Immunity, Plea Agreements, and other Benefits</u>

(a). Any and all consideration given to or on behalf of the witness, or expected or hoped for by the witness. By consideration, Defendant refers to anything, whether bargained for or not, which arguably could be of value or use to the witness or to persons of concern to the witness, including but not limited to plea agreements, formal or informal; direct or indirect leniency, favorable treatment or recommendation of other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, tax court, court of claims, administrative or other dispute with the federal, state, or local government, any other authority or with any other party; criminal, civil or tax immunity grants; relief from forfeiture; payments of money, rewards or fees; witness fees; provisions for food, clothes, shelter, transportation, legal services or other benefits; placements in a witness protection program; informer status of the witness; and anything else which arguably could reveal an interest, motive or bias in the witness in favor of the government or against the defense or act as an indictment to testify or to color testimony.

(b). Copies of statements, in any, submitted by the government or intended for submission by the government to the pretrial services department or the probation department of the United States District Court on behalf of any witness or potential witness, including but not limited to those who have been charged in this or a related case, whether pending or whether the witness has been sentenced or is presently awaiting sentencing.

4.  <u>Inconsistent or Exculpatory Statements of Witnesses</u>

(a) Identify any and all occasions on which a witness made:

1.  Statements inconsistent with any other statements made by that witness;

2.  Statements inconsistent with his predicted trial testimony;

3.  Statements that he had no knowledge of the crimes charged in the indictment;

4.  Statements that he was not involved in any criminal activity;

5.  Statements that the defendant was not involved in any or certain criminal activity, including but not limited to the criminal activity charged in the indictment.

6.  Statements that any other defendant or alleged co-conspirator or co-schemer was not involved in criminal activity charged in the indictment;

7.  Statements inconsistent with any other statement made by any other person or any other witness, irrespective of whether that person or witness will be called to testify by the government.

(b) As to each occasion above, identify and provide any notes, written statement, summaries of statements, or memoranda or such statements.  Where no written record of evidence of such statements, exists, identify the date, place and persons present for the statement, and set forth a summary of the statement.

5.  <u>Potential Prosecution</u>

Any and all discussions in any context, coercive or non-coercive, or any threats or coercion, express or implied, direct or indirect, regarding criminal prosecution, investigations, potential prosecutions, or forfeiture charges or actions presently pending or which could be brought against the witness whether made directly to the witness or to his attorney or representative; and probationary, parole, deferred prosecution or custodial status of the witness; and any civil, internal revenue, tax court, court of claims, administrative, or other

8

pending or potential legal disputes or transactions with the government or over which the government has real apparent, or perceived influence.

6.  Personnel and Other File

Any and all personnel files for the witness; the existence and identify of all federal, state and local government files for the witness; the existence and identity of all internal affairs, internal investigation or public integrity investigation files concerning the witness; the existence and identity of any investigation or misconduct by an employer or other entity or person concerning the witness; the existence and identity of any complaints regarding misconduct by the witness.

7.  Alcoholism, Drug Use, Psychiatric History, Physical History

Any and all information, records, or documents, whether oral, written, or recorded, related to any witness or alleged co-conspirator or co-schemer regarding:

(a) Physical symptoms, problems, examinations, treatments and/or hospitalizations;

(b) Mental, emotional, or behavioral problems, symptoms, treatment, or examinations, treatment, or hospitalization, including but not limited to psychiatric or psychological disorders;

(c) alcoholism or use of alcohol, including but not limited to symptoms, examinations, treatment, or hospitalization for alcoholism, alcohol or any alcohol related disorder, whether physical, mental, or behavioral.

(d) drug addiction or use of drugs, including but not limited to cocaine, marijuana, amphetamines, designer, prescription or non-prescription drugs, including but not limited to use of, symptoms of or examination for, or treatment for use or abuse of such substances.

9

8.  Communications Not Concerning the Defendant

Identify each communication of an informed witness concerning this investigation which did not mention the Defendant or which indicated that the Defendant was not involved in criminal activity. *United States v. Krebs,* 788 F.2d 1166, 1175 (6th Cir. 1986); *Jones v. Jago,* 575 F.2d 1164 (6th Cir. 1978).

9.  Statements Indicative of Hostility Towards the Defendant

Describe each act and identify each communication of a witness which relates to any hostility of that witness to the Defendant. *United States v. Sperling,* 726 F.2d 69 (2nd Cir. 1984).

10. Promise of Reward

Identify each communication which relates to any formal or informal promise to reward any witness for his testimony. *United States v. Bagley,* 105 S.Ct. 3374 (1985); *Brown v. Wainwright,* 785 F.2d 1457, 1564 (11th Cir. 1980); *United States v. Mayer,* 556 F.2d 245 (5th Cir. 1977).

11. Advice Concerning Future Prosecutions

Identify each communication by which the prosecution has given any advice to any potential witness relating to future prosecutions for past criminal acts. *Harber v. Wainwright,* 756 F.2d 15, 20 (11th Cir. 1985).

12. Potential Liabilities

Identify each communication relating to each potential liability listed in Paragraph 11, above, of which the prosecution is aware but for which the prosecution has made no formal or informal, direct or indirect promise. *United States v. Shaffer*, 789 F.2d 682, 688 (9th Cir. 1986).

13. <u>Witnesses on Probation, Parole, Etc.</u>

Identify each potential witness who is on parole, probation, or is eligible for clemency or pardon. *Davis v. Alaska,* 415 U.S 308 (1974).

14. <u>Informant Information</u>

Identify each document and communication which relates to any type of informant status of each potential witness. *United States v. Disston,* 582 F.2d 1108 (7th Cir. 1978).

15. <u>Consequences of Witnesses Non-cooperation</u>

Identify each communication and document by which a potential witness was made aware of any potential possible consequences of a decision not to cooperate with the prosecution or not to testify. *United States v. Sutton,* 542 F.2d 1239 (4th Cir. 1976).

16. <u>Polygraph Examinations</u>

Identify each document and communication relating to polygraph examinations of each potential witness. *United States v. Greichunous,* 572 F.Supp. 220 (N.D. Ill. 1982).

17. <u>Testimony Relating to the Defendant</u>

Identify each occasion on which any potential witness has testified before any court, grand jury, or other tribunal or other body or has otherwise officially narrated the facts relating to this investigation relating to the Defendant.

18. <u>Prior Testimony</u>

Disclose the existence and identity with particularity each occasion on which each potential witness who was or is an informer, accomplice, co-conspirator or expert has testified before any court, grand jury, or other tribunal or body.

19. <u>Non-Witnesses with Knowledge</u>

Identify each person known to the prosecution, as shown by its files, who has some

11

knowledge about this investigation and indictment, but who will not be called to testify and identify each communication and document relating to such persons.

20. <u>Prior Bad Acts</u>

Describe each prior act of misconduct attributed to a witness whether admitted by the witness or not.

21. <u>Other Impeachment and Exculpating Evidence</u>

Describe each act and identify each document or communication, which arguably could be helpful or useful to the Defendant in impeaching or otherwise detracting from the probative force of the prosecution's evidence which is not specifically requested by this motion.

22. <u>Use of Evidence Under Rule 801</u>

Describe each act and identify each communication which relates to the impeachment of any person upon whose statements the prosecution will rely under Fed.R.Evid. 801(d) (2©, (D) and (E).

23. <u>Exculpatory Information</u>

And, of course, identify any information, statement or other data generated by the government's investigation or emanating from a witness which in any way, shape or form arguably exculpates the Defendant.

**<u>THE FOREGOING SHOULD BE ANSWERED IMMEDIATELY</u>**

In order to avoid a denial of the Defendant's rights to due process, he should be given the requested information prior to trial. Due process requires that all exculpatory and impeaching information be made available well before the trial. *United States v. Peters,* 732 F.2d 1004, 1009 (1st. Cir. 1984); *Grant v. Alldredge,* 498 F.2d 378, 381 & n.5 (2nd Cir. 1974); *United States v. Deutsch,* 373 F.Supp. 289, 290 (S.D. N.Y. 1974). See also, *Blake v. Kemp,* 758 F.2d 523, 532 & n.10

(11th Cir. 1985).

The failure to provide the information requested in this motion would deprive defendant of her ability to prepare her defense adequately and would constitute a deprivation of defendant's right to due process and a fair trial. Inasmuch as the information requested is peculiarly within the possession of the government, or is available to them upon the exercise of due diligence, defendant urges this Court to enter the order requested.

**WHEREFORE**, the Defendant respectfully requests an order directing the government to disclose all favorable evidence to the defendant within its possession, custody or control, or the existence of which is known to any agency of the government or by the exercise of due diligence could become known, including but not limited to the above-requested information.

Respectfully submitted,

_____/s/_____
Rachel L. Zebio

Rachel L. Zebio
Attorney for Defendant Butusov
190 S. LaSalle Street
Suite #520
Chicago, Illinois 60603
(312) 782-2770

13

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 08 CR 246 |
| BRIAN BUTUSOV, | ) | |
| | ) | Honorable Judge Andersen |
| Defendant. | ) | |

**<u>NOTICE OF FILING</u>**

14

**TO:    AUSA Kenneth Yeadon**
**U.S. Attorney's Office**
**219 S. Dearborn, 5th Floor**
**Chicago, IL 60604**

**PLEASE TAKE NOTICE** that on April 18, 2008, I filed electronically with the clerk of the

United States District Court for the Northern District of Illinois, Eastern Division, the attached,

**Motion for Disclosure of Favorable and Impeaching Evidence.**  True and correct copies of each

is attached hereto and hereby served upon you.

Respectfully Submitted,

_____/s/_____
Rachel L. Zebio

Rachel L. Zebio
Attorney for Defendant Butusov
190 S. LaSalle Street
Suite #520
Chicago, Illinois 60603
(312)782-2770

## Certificate of Service

I, Rachel L. Zebio, an attorney certify that the attached copy of the document stated above was

delivered, electronically, to A.U.S.A. Kenneth Yeadon, 219 S. Dearborn, Suite #500, Chicago, IL

60604, and hand delivered to the Honorable Judge Andersen, 219 S. Dearborn, Room 1486,

Chicago, IL 60604 on this 18th day of April, 2008.

_____/s/_____
Rachel L. Zebio

15

Rachel L. Zebio
Attorney for Defendant Butusov
190 S. LaSalle Street
Suite #520
Chicago, Illinois 60603
(312)782-2770